[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit by a builder against the defendant home owners. The first count claims that the defendants, Joseph and Antoinette Valliante of Norwalk, failed to pay the amount due under a home improvement contract and also for certain extras. The second count seeks to foreclose a mechanic's lien filed against the defendants' property.
The defendants on July 10, 1990 filed a motion to strike claiming that the first count failed to state a cause of action because the plaintiff was a home improvement contractor, but he had failed to allege that he had obtained a certificate of registration from the commissioner of consumer protection. General Statutes20-420.
The motion to strike count two is based on a claim that the plaintiff failed to commence an action to foreclose its mechanic's lien within one year after it was recorded as required by General Statutes 49-39.
I concur with the claim by defendants that a plaintiff home improvement contractor must allege that he has obtained a certificate of registration pursuant to the Home Improvement Act, General Statutes 20-419 et. seq. If this be the case the plaintiff can plead over to include this allegation, but without it I believe the first count fails to state a cause of action, and hence is stricken. CT Page 5313
I have not been able to locate any case on point, but since General Statutes 20-429 provides that a home improvement contract is not valid if the contractor is not registered, it seems to follow that the contractor must allege that he is registered in order to show that there is a valid enforceable contract on which he bases his cause of action. As is indicated in 61 Am.Jur.2d Pleadings 71 (1981), a complaint must state the facts upon which a plaintiff relies for a recovery, and in this case the plaintiff cannot recover unless he is registered, and so it must be alleged. Stevenson, Connecticut Civil Procedure, 97, Vol. 1, indicates that when the obligation of a contract is subject to a condition precedent, satisfaction of that condition must be pleaded.
With respect to the second count seeking to foreclose a mechanic's lien, the file indicates that the lien was filed on January 20, 1987 in the Norwalk Land Records, and that on January 5, 1988 the plaintiff commenced to foreclose this lien in CV88-0092152. A nonsuit was entered in that case on September 14, 1988 due to a failure to appear as ordered. On September 5, 1989, within one year of the entry of the nonsuit in the 1988 action, the plaintiff brought this action by invoking the accidental failure of suit statute, 52-592. This section provides that if any action has failed to be tried on its merits for a number of reasons stated therein, including the entry of a nonsuit, the plaintiff may commence a new action for the same cause within one year after the original action was terminated.
The defendant's claim that the accidental failure of suit statute is not applicable to the foreclosure of a mechanic's lien which is a statutory cause of action. I agree with the plaintiff that for the purpose of a motion to strike the language of 52-592 is sufficiently broad to include the foreclosure of mechanic's liens, since it refers to "any action."
Accordingly, the motion to strike is granted as to the first count, and is denied as to the second count.
So ordered.
Dated at Stamford, Connecticut this 28th day of June, 1991.
William B. Lewis, Judge CT Page 5314